## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE RUBERY, Derivatively on Behalf of ALCOA INC., | ) ) ) | Case No. 2:12-cv-00844-DWA |
| Plaintiff, | ) ) ) | Electronically Filed |
| v. | ) ) ) | |
| KLAUS KLEINFELD, JUDITH M. GUERON, KATHRYN S. FULLER, ERNESTO ZEDILLO, JAMES W. OWENS, RATAN N. TATA, MICHAEL G. MORRIS, E. STANLEY O'NEAL, PATRICIA F. RUSSO, ALAIN J. P. BELDA, FRANKLIN A. THOMAS, HENRY B. SCHACHT, JOSEPH T. GORMAN, CARLOS GHOSN, VICTOR DAHDALEH, and WILLIAM J. RICE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| -and- | ) ) | |
| ALCOA INC., a Pennsylvania corporation, | ) ) | |
| Nominal Defendant. | ) | |

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Settling Parties have entered into a Stipulation of Settlement dated October 20, 2014 (the "Stipulation") that sets forth the terms and conditions for the settlement (the "Settlement"), and the Settling Parties have consented to the entry of this Order, upon review and consideration of the Stipulation,

IT IS ORDERED, this 22nd day of October, 2014, upon application of the Settling Parties, as follows:

1.      This Order incorporates by reference the definitions in the Stipulation.   All capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.      This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing: (a) the proposed Settlement, including the Fee and Expense Amount, as fair, reasonable, and adequate, and in the best interest of Alcoa and Alcoa stockholders; and (b) the form and substance of Notice and Summary Notice (attached to the Stipulation as Exhibits C and D, respectively) and finds that the distribution and publication of the Notice and Summary Notice substantially in the manner set forth in paragraph 5.2 of the Stipulation meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, due process, and all other applicable laws, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the matters set forth therein for all purposes to all persons entitled to such notice.

4.      The Settlement hearing shall be held on *January 20*,201*5*, at *1:00 P*.m. in this Court, located at U.S. Courthouse, 700 Grant Street, Courtroom 3B, Pittsburgh, Pennsylvania 15219, to determine, *inter alia*, (a) whether the proposed Settlement of the Actions on the terms and conditions provided for in the Stipulation, including the agreed-to Fee and Expense Amount, is fair, reasonable, adequate and in the best interests of Alcoa and Alcoa stockholders; (b) whether the Final Order and Judgment contemplated in paragraph 1.8 of the Stipulation should be entered by the Court; and (c) any other issues the Court deems appropriate. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without further notice to Alcoa stockholders other than by announcement at the Settlement

Hearing or any adjournment thereof and retains jurisdiction to consider all further issues arising out of or connected with the proposed Settlement.

5.   Alcoa is directed to file and publish the Notice and Summary Notice in accordance with paragraph 5.2 of the Stipulation.

6.   All costs incurred in connection with the filing and publication of the Notice shall be paid by Alcoa, and Alcoa shall undertake all administrative responsibility for filing and publication of the Notice.

7.   At least ten (10) business days before the Settlement Hearing, Alcoa shall file with the Court an appropriate affidavit or declaration with respect to the filing and publication of the Notice.

8.   All Current Alcoa Stockholders (as defined in paragraph 11 below) shall be bound by all orders, determinations, and judgments in the Actions concerning the Settlement.

9.   Pending final determination of whether the Settlement should be approved, no Current Alcoa Stockholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court, tribunal, or jurisdiction asserting any of the Released Claims.

10.   All papers in support of the Settlement, including the Fee and Expense Amount, shall be filed with the Court and served on the Settling Parties at least twenty one (21) calendar days before the Settlement Hearing.  All reply papers in support of the Settlement, including Responses to Objections, if any, shall be filed with the Court and served on the Settling Parties at least seven (7) calendar days before the Settlement Hearing.

11.   Any current record holders and beneficial owners of common stock of Alcoa as of October 20, 2014 (collectively, "Current Alcoa Stockholders") may appear and show cause—at

their own expense, individually or though counsel of their own choice—if he, she, or it has any reason why the terms of the Settlement should not be approved as fair, reasonable and adequate, or why a Final Order and Judgment should not be entered thereon; ***provided, however***, unless otherwise ordered by the Federal Court, no Current Alcoa Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement or, if approved, the Final Order and Judgment to be entered thereon approving the same, unless that person has, at least fourteen (14) calendar days prior to the Settlement Hearing, filed with the Clerk of the Court, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219 and served on the following legal counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections, including the basis therefor, and copies of any papers and briefs in support thereof:

Felipe J. Arroyo
Robbins Arroyo LLP
600 B Street, Suite 1900
San Diego, California 92101

*Attorneys for Federal Plaintiff*

Jacob A. Goldberg
Cohen, Placitella & Roth, P.C.
Two Commerce Square
2001 Market Street
Suite 2900
Philadelphia, Pennsylvania 19103

*Attorneys for Plaintiffs in the State Actions*

Robin Winchester
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087

*Attorneys for State Plaintiffs*

Evan R. Chesler
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

*Attorneys for Defendants Alain J.P. Belda,
Klaus Kleinfeld, Kathryn S. Fuller, Carlos
Ghosn, Joseph T. Gorman, Judith M. Gueron,
James W. Owens, Henry B. Schacht, Ratan N.
Tata, Franklin A. Thomas, Ernesto Zedillo, E.
Stanley O'Neal, Michael G. Morris, Patricia F.
Russo, Lawrence R. Purtell, Bernt Reitan and
Peter Burgess*

Richard Beizer
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W., Suite 1100
Washington, D.C. 20004

*Attorneys for Defendant William J. Rice*

Robert B. Sommer
Meyer, Unkovic & Scott LLP
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, Pennsylvania 15222

*Attorneys for Nominal Defendant Alcoa Inc.*

12.     Any Current Alcoa Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, including the Fee and Expense Amount, unless otherwise ordered by the Federal Court, and shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given in connection with the Settlement.

13.     The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be expressly consented to by the parties to the Stipulation and without further notice to Current Alcoa Stockholders, and will retain jurisdiction over this Federal Action to consider all further applications or matters arising out of or in connection with the Stipulation.

14.     The Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Settling Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Actions or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.

- 5 -

15.     If the Settlement is not approved or consummated for any reason whatsoever, the proposed Settlement and all proceedings had in connection therewith shall be null and void and without prejudice to the status quo ante and the rights of the Settling Parties to the Actions as they existed as of June 1, 2014, the last date before execution of the MOU.

IT IS SO ORDERED.

DATED: 10/22/14

_____
HONORABLE DONETTA W. AMBROSE
UNITED STATES DISTRICT JUDGE